### KENNEDY v. WESTON & CO.

(Circuit Court of Appeals, Fifth Circuit. January 24, 1905.)

No. 1,400.

CHARTER PARTY—BREACH—ACTION FOR DAMAGES.

For persons who have chartered a vessel to carry lumber, to load thereon lumber which is wet, and so will deteriorate, and to procure from the master, over his protest, a clean bill of lading, is a breach of the charter party, giving the owner of the vessel a cause of action in admiralty against the charterers; judgment for damages on account of the condition of the lumber when loaded, and the failure to note it on the bill of lading, having been rendered against him in a foreign court of competent jurisdiction in an action by him against the indorsees of the bill of lading for the freight.

Appeal from the District Court of the United States for the Southern District of Florida.

This appeal is from a decree in admiralty on a libel in personam. The libel propounds: That the libelant was owner of the Swedish bark Heidi, and chartered her to respondent to carry a cargo of sawn timber and/or deals and/or boards, at charterer's option, to a port on the continent between Hamburg and Havre, on signing bills of lading, and there to deliver the same. That the vessel, at Fernandina, Fla., received from the charterer, under the charter party, 3,888 pieces, consisting of 32,181 superficial feet, of pitch-pine boards and planks. That during the loading the master discovered that portions of the cargo delivered to the vessel were wet, and, in consequence there-

of, would become damaged and deteriorate in value, but charterer refused to admit such to be the fact, and insisted that the master should give a clean bill of lading for the cargo, without noting thereon the fact that any part of it was wet or in a condition to deteriorate upon the passage. The master protested against the insistence of the appellee, and made a formal protest before a notary public for the purpose of protecting owners from any loss or damage he might sustain by reason of the condition of the cargo, and by reason of any claim that might be made against libelant on account thereof, all of which charterer well knew. That after making the protest, and after the charterer acquired full knowledge of the intention of the master, in behalf of the owners, to hold the charterer liable for all damages and loss that might result from the condition of the cargo, the master executed a bill of lading for the whole of the cargo, without noting thereon the fact that any portion of it was wet. That, upon the arrival of the vessel at Gluckstadt with the said cargo on board, it was ascertained by the holders of the bill of lading, who had become the owners thereof and of the cargo, that a portion of the cargo was damaged, and thereby reduced in value, solely by and on account of the same having been shipped wet by charterer, on account of which the holder of the bill of lading and owner of the cargo made a claim against the libelant for damages which he was compelled to pay, amounting to $1,150.00, and that libelant was compelled to make such payment by means of a judgment of a German court of competent jurisdiction, and now seeks in this action to recover the same from respondent, Weston & Co. The respondent excepted to the libel, claiming (1) that the allegations of the libel disclose no cause of action in admiralty; and (2) that the libel does not show facts which warranted libelant to pay out money for and on account of appellee. The exceptions were allowed to stand until after the amendment of the libel, and were sustained by the District Judge, who supported his decree with an opinion. The libelant appeals, and assigns errors, which present the points passed upon adversely by the District Judge in his opinion, to wit, that the allegations of the libel do present a case in favor of libelant and against respondent, upon which libelant has a right to recover.

John C. Avery, for appellant.
E. P. Axtell and C. D. Rinehart, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). The shipment and loading of damaged lumber over the objections of the master was a breach of the charter party for which the charterers were liable, and the procurement from the master, over his protest, of a clean bill of lading therefor, was not a condonement of the breach, but, rather, an aggravation thereof. According to the libel, this breach resulted in damages to the owners; and this does not appear to be controverted, but, rather, admitted, in the claim put forward, and sustained by the District Judge, that the owners could have protected themselves on the delivery to the consignees, notwithstanding the clean bill of lading improperly obtained by the charterers from the master. This view of the case seems to be fully negatived by the fact alleged in the libel, to wit:

"That libelant was compelled to pay the damages against the said Messrs. F. & H. Gehlsen by means of a judgment or decree of a German court of competent jurisdiction. That the said judgment or decree was rendered in a cause which was brought by the libelant herein against the firm of F. & H. Gehlsen for the balance of four thousand marks (4,000) alleged to be due for freight on the said cargo, and payable by the said F. & H. Gehlsen, buyers thereof, upon the arrival of the said vessel at Gluckstadt, Germany. That libelant claimed the said balance of 4,000 marks, with interest from the day

the discharge of the vessel was completed; and the said F. & H. Gehlsen, as defense to libelant's action, claimed that they were entitled to compensation from libelant as against his claim for the balance of freight of 4,000 marks, because at the loading of the said cargo in Florida a portion thereof delivered to the master, to wit, about thirty-two (32) standards, at one hundred and sixty-feet (165) cubic feet per standard, were found to be in obviously bad condition—wet and covered with mussels—and that the master had made no note thereof upon the bills of lading, and that therefore they, the said F. & H. Gehlsen, as receivers of the said cargo, were entitled to damages on account of the condition thereof as aforesaid; and the said court wherein the said cause in Germany was pending as aforesaid tried the same according to the German law, and adjudicated the matters in said suit involved, and decreed in favor of the said F. & H. Gehlsen, against libelant, the sum of 4,543.77 marks, equal to $1,150 in money of the United States; and libelant accordingly paid so much thereof as was in excess of the balance of the freight for which suit had been brought as aforesaid; the said amount sued for as aforesaid being by judgment or decree aforesaid of the said German court allowed in part payment of the damages which the said German court found in favor of the said F. & H. Gehlsen."

Under the bill of lading improperly obtained by the respondent from the master, it is doubtful whether, under the admiralty jurisprudence in this country, the owner could have protected himself against the demands of the indorsees thereof. See Bags of Linseed, 1 Black, 108, 17 L. Ed. 35; Crossman v. Burrill, 179 U. S. 110, 21 Sup. Ct. 38, 45 L. Ed. 106; Dayton v. Parke, 142 N. Y. 400, 37 N. E. 642. Brown et al. v. Powell Duffryer Steam Coal Company, 10 C. P. 562, while directly in point, and adverse to libelant's right to recover, is not accepted as conclusive.

The decree of the District Court is reversed, and the cause remanded, with instructions to overrule the exceptions to the libel.